UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| M. PETER KUCK, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:07-cv-01390 (VLB) |
| JOHN DANAHER III ET AL., | : | |
|     Defendants. | : | July 25, 2008 |

**MEMORANDUM OF DECISION DENYING PLAINTIFF'S MOTIONS
TO AMEND AND FOR JOINDER AND GRANTING
DEFENDANTS' MOTION TO DISMISS [Docs. #13, 19, 20]**

The plaintiff, M. Peter Kuck, filed this action against the defendants, John Danaher III, commissioner of the Connecticut Department of Public Safety ("public safety department"), and Albert Masek Jr., commanding officer of the public safety department's Special Licensing and Firearms Unit ("licensing unit"). The defendants have moved to dismiss, and Kuck has moved to amend his complaint and for joinder of six additional defendants. For the reasons given below, Kuck's motions [Docs. #19, 20] are DENIED as futile and the defendants' motion to dismiss [Doc. #13] is GRANTED.

Kuck's original three-count complaint alleges that the defendants denied him procedural and substantive due process in violation of the Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 (counts one and two), and that the defendants retaliated against him for exercising his right to free speech (count three). Pursuant to Fed. R. Civ. P. 12(b)(6), the defendants move to dismiss on the ground of failure to state claims

upon which relief can be granted. Kuck moves to amend his complaint. The amended complaint contains nearly three times as many pages as the original complaint, but the three counts remain the same. Kuck seeks to join the following six defendants: Ronald Bastura, Thomas Karanda, and Barbara Mattson, who are on the staff of the public safety department's licensing unit; Christopher Adams, chairman of the Connecticut State Board of Firearms Permit Examiners ("firearms board"); Susan Mazzoccoli, administrative manager of the firearms board; and Connecticut Governor M. Jodi Rell. The three counts of the amended complaint appear to be brought against the two original defendants and the six new defendants; the amended complaint does not specify whether any defendants are excluded from any of the counts.

Kuck's amended complaint contains 192 paragraphs of factual allegations that expand upon, but do not differ materially from, the 53 paragraphs of factual allegations in the original complaint. Kuck alleges that he held a Connecticut pistol permit from 1982 to 2007. Pursuant to Conn. Gen. Stat. § 29-30(c), pistol permits must be renewed every five years. When Kuck applied for renewal in 2007, the public safety department's licensing unit requested that he provide his birth certificate, United States passport, or voter registration card because pistol permits cannot be issued to illegal aliens pursuant to Conn. Gen. Stat. § 29-36f(b)(9). Kuck alleges that the licensing unit had never requested those documents in connection with his previous renewal applications, although he did provide his birth certificate when he first applied for a permit in 1982. He

2

declined to provide any of the requested documents in 2007, asserting that the request was unconstitutional. Consequently, in April 2007, the licensing unit declined to renew Kuck's permit. Kuck appealed to the firearms board, which has scheduled a hearing for November 2008, nineteen months after the licensing unit denied his renewal permit application. Kuck contends that nineteen months is an excessively long period of time for him to wait for a hearing. If the firearms board affirms the denial of Kuck's renewal permit application, he may then appeal to the Connecticut Superior Court pursuant to Conn. Gen. Stat. § 29-32b(f).

Kuck is also a member of the firearms board, having been appointed in 1998 to the seat reserved for a representative of Ye Connecticut Gun Guild, Inc. He served as secretary of the firearms board from 2003 to 2007. Kuck alleges that the estimated wait time for a board hearing has increased from three months to 22 months since 2001. Although Kuck urged Adams, the board chairman, to implement procedures to decrease the estimated wait time, Kuck alleges that Adams opposed his suggestions. Kuck also alleges that the licensing unit denies permits in some cases solely because it is aware of the delayed board hearings. According to Kuck, the licensing unit then settles many of those cases just prior to the board hearing, effectively depriving people of their permits for up to 22 months for no legitimate reason.

Kuck alleges that Adams and Mazzoccoli, the board's administrative manager, attempted to persuade Governor Rell's office not to reappoint Kuck to the firearms board. As noted above, Kuck is currently still a member of the

3

firearms board, but he lost the position of secretary in 2007 because the members of the board did not reelect him. Pursuant to Conn. Agencies Regs. § 29-32b-4a, the firearms board elects its officers every two years. Kuck also alleges that Karanda, a staff member of the licensing unit, threatened and harassed him because of Kuck's statements that the firearms board is an independent body, not a "rubber stamp" for the public safety department, and that the department bases its decision to deny permits in some cases on evidence that is not credible. Kuck asserts that the defendants retaliated against him for making those statements. Kuck's amended complaint is unclear, but it appears that the alleged retaliation consisted of denying his renewal permit application, not addressing the delay in holding board hearings, and attempting to persuade Governor Rell's office not to reappoint him to the board.

The Court turns to the standards governing Kuck's motion to amend and the defendants' motion to dismiss. "Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend 'shall be freely given when justice so requires,' it is within the sound discretion of the district court to grant or deny leave to amend. . . . A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007). "To survive a motion to dismiss, a complaint must plead enough facts to state a claim to relief that is plausible on its face." Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008). "In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6)

4

for failure to state a claim upon which relief can be granted, [the court] accept[s] as true all factual statements alleged in the complaint and draw[s] all reasonable inferences in favor of the non-moving party. . . . In general, [the court's] review is limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." McCarthy, 482 F.3d at 191.

In the present case, the Court concludes that Kuck's amended complaint is futile because it does not survive the defendants' motion to dismiss. The Court will examine each of Kuck's three counts. As to procedural due process (count one), the Court considers "(1) whether [Kuck] possess[es] a liberty or property interest protected by the Due Process Clause; and, if so, (2) whether existing state procedures are constitutionally adequate." Ford Motor Credit Co. v. NYC Police Dept., 503 F.3d 186, 190 (2d Cir. 2007). The defendants concede that under Connecticut state law, Kuck has a liberty interest in obtaining renewal of his pistol permit. See Conn. Const. art. I, § 15; Rabbitt v. Leonard, 36 Conn. Supp. 108, 112 (1979). Kuck therefore focuses on the waiting period for a hearing before the firearms board and asserts that his nineteen-month wait constitutes undue delay. However, "[t]he mere assertion that state remedies are lengthy . . . will not render state remedies inadequate [under the Due Process Clause] unless they are inadequate to the point that [they are] meaningless or nonexistent." Gyadu v. Workers' Compensation Comm'n, 129 F.3d 113, 1997 WL 716128 at *2 (2d Cir. Nov. 17, 1997). Because parties commonly endure significant delays in

5

securing administrative and judicial relief, the Court cannot conclude that a nineteen-month wait for a hearing is so inadequate as to make the availability of review by the firearms board "meaningless or nonexistent." Id. Kuck's board hearing is scheduled for November 2008, and if the board reverses the licensing unit's decision, the hearing will be especially meaningful for Kuck. The procedural due process claim therefore fails.

As to substantive due process (count two), Kuck "must demonstrate . . . that the government action was so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience. . . . [C]onduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level." Benzman v. Whitman, 523 F.3d 119, 126-27 (2d Cir. 2008). Kuck has not alleged any facts that rise to the high level needed to maintain a substantive due process claim. The government action, namely, the licensing unit's denial of Kuck's renewal permit application, on the basis of Kuck's refusal to provide documentation of his citizenship, was not egregious, outrageous, or shocking to the contemporary conscience.

As to retaliation against Kuck for exercising his right to free speech (count three), Kuck must show that "(1) his conduct was protected by the First Amendment, and (2) such conduct prompted or substantially caused [the defendants'] action." Ferran v. Town of Nassau, 471 F.3d 363, 368 (2d Cir. 2006). Kuck has not alleged sufficient facts to demonstrate that his exercise of free speech prompted or substantially caused the denial of his renewal permit

6

application. He acknowledges that his application was denied for failure to provide documentation of his citizenship, a reason entirely distinct and unrelated to his exercise of free speech. In order to renew a permit, the licensing unit requires documentation of citizenship pursuant to Conn. Gen. Stat. § 29-36f(b)(9). Therefore, the licensing unit would have denied Kuck's application regardless of any statements he made that allegedly displeased the defendants. Dismissal of the First Amendment retaliation claim is accordingly warranted.

Kuck's motions to amend and for joinder [Docs. #19, 20] are DENIED as futile. The defendants' motion to dismiss [Doc. #13] is GRANTED. The Clerk is directed to CLOSE this case.

                                      IT IS SO ORDERED.

                                      /s/
                                    Vanessa L. Bryant
                                    United States District Judge

Dated at Hartford, Connecticut: July 25, 2008.